Love *v.* Williams.

DILLARD LOVE *et als.* v. H. B. S. WILLIAMS *et als.*

REDEMPTION. *When the right does not exist.* The right of redemption does not exist in the case of sales made in administration suits, for the payment of the debts of a decedent.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

HEISKELL & HEISKELL for complainants.

W. M. SMITH for defendants.

Love *v.* Williams.

COOPER, J., delivered the opinion of the court.

On the 6th of February, 1857, Samuel C. Love and others, executors of Thomas Love, deceased, recovered a decree in the chancery court of Henry county against Joseph H. Travis, administrator with the will annexed, of Robert Love, deceased, for $3,500. Thereupon, Travis, as such administrator, filed his bill in the month of April, 1858, against the heirs and devisees of Robert Love, under the act of 1827, 54, alleging the recovery of judgment against him, that no personal assets had come to his hands, that Robert Love died seized and possessed of lands described, and asking a sale thereof for the payment of debts.

Such proceedings were had in the cause that the land was sold accordingly, by decree, a tract of land in Shelby county of 262 acres, being bought by defendant H. B. S. Williams for $262.50, and the sale was confirmed on the 30th of September, 1859.

This bill was filed by the heirs and devisees of Robert Love against Williams to redeem the land upon an alleged offer of Samuel C. Love, by virtue of the judgment recovered by him and others as executors, as aforesaid, within the time allowed by law to redeem the land, and the refusal of Williams to permit the redemption, and a subsequent redemption from Love by an agent of the complainants.

Conceding that the tender was properly made, and that the complainants are entitled to the benefit thereof, the question is raised whether lands sold in an administration suit, for the payment of the debts of a

decedent, are subject to redemption. The object of the redemption law is to secure to the debtor, either through his creditors or by his own act, the full value of his lands sold under execution or decree. Where a debtor dies, the policy of our law is to subject his estate, real and personal, to the satisfaction of his debts, and *pro rata* if there be a deficiency. To accomplish this result there must be a sale of the entire estate, the equity of redemption inclusive. For, if it were otherwise, one creditor, by securing the equity of redemption, would, to the extent of the value of that interest, acquire an advantage over others contrary to the policy of the law. So, too, if the heir was to redeem, the interest thus acquired, being realty descended, would be subject to the claims of the ancestor's creditors, and another suit would be necessary to accomplish what ought to be done in the first. essary to accomplish what ought to be done first. And the fact that the estate may not prove insolvent cannot be allowed to affect the rule; for the result could not be known until after the sales were made, and every sale would depend on an uncertain contingency. It is safer to say that the right of redemption does not exist in administration sales for the payment of debts. And this is in accord with uniform usage since the first redemption law in this State, and it was so held by this court at the September term, 1876, at this place, in *Hart* v. *Shaw*, Memphis L. J., 182.

Affirm the decree.